UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HAROLD C. KIND, JR.,

    Petitioner,

v.

DEPARTMENT OF CORRECTIONS,

    Respondent.

Case No. 16-CV-1649-PP

**ORDER DENYING PETITION WITHOUT PREJUDICE AND DISMISSING THE CASE (DKT. NO. 1).**

On April 7, 2005, petitioner Harold Kind was convicted (after pleading guilty) in Fond du Lac County Circuit Court of repeated sexual assault of the same child. Dkt. No. 1 at 2. He was sentenced to serve fifteen years in custody. Id. The petition indicates that he did not file a direct appeal. Id. at 3.

Five years after his sentencing, the petitioner filed a motion asking for an extension of time to file a notice of intent to seek post-conviction relief. See State of Wisconsin v. Harold C. Kind, Jr., Fond du Lac County Circuit Court Case No. #2004CF000361, at https://wcca.wicourts.gov. The court of appeals denied that request. Id. Nonetheless, he filed a motion pursuant to Wis. Stat. §974.06 on September 17, 2012. Id. It appears that possibly that motion resulted in the court issuing an amended judgment and conviction on July 1, 2014. Id.

Over two years later, the petitioner filed a motion for post-conviction relief in Fond du Lac County Circuit Court. Id. The petitioner filed that motion

1

on November 30, 2016, and it remains pending. Id. Despite that fact, the petitioner filed this petition for a writ of *habeas corpus* on December 12, 2016—not quite two weeks after he filed the post-conviction motion in state court. Dkt. No. 1. The petitioner alleges that his 2005 conviction and sentencing violated his federal constitutional rights because (1) he had ineffective trial counsel who misled him into taking a plea, and told him that he would be eligible for parole after serving one-fourth of the sentence; and (2) the Department of Corrections did not carry out the sentence as ordered by the trial court judge. Id. at 6-7. He has paid the $5.00 federal filing fee. The case now is before the court for screening pursuant to Rule 4 of the Rules Governing §2254 Proceedings.

Pursuant to 28 U.S.C. §2254(b)(1)(A), federal courts cannot grant *habeas* relief unless the petitioner exhausts the available state court remedies. Generally, courts consider a claim exhausted if a petitioner presents it through one "complete round of the State's established appellate review process." Woodford v. Ngo, 548 U.S. 81, 92 (2006) (citation omitted).

It does not appear that the petitioner has exhausted his claims in state court. He did not appeal his 2005 conviction. He waited ten years—until after he was denied parole—to file his notice of intent to seek post-conviction relief. He filed the current post-conviction relief motion eleven years after he was sentenced. He has never presented his claims to the Wisconsin Court of Appeals, or to the Wisconsin Supreme Court.

The court also notes that 28 U.S.C. §2244(d) states that a person must file a federal *habeas* petition within one year of either (a) the date on which the state judgment against him became final "by the conclusion of direct review or the expiration of the time for seeking such review;" or (d) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The one-year period from the date that the Fond du Lac County judgment and conviction became final appears to have passed a number of years ago. It appears possible that the petitioner's claims may be time-barred under §2244(d).

The court will deny the petition without prejudice. This means that if the petitioner appeals the issues he raised in the November 30, 2016 post-conviction relief motion all the way to the Supreme Court, he can then file a new *habeas* petition here within one year of the Wisconsin Supreme Court's decision. If he is not challenging the 2005 conviction and sentence and has more recent claims to pursue, he may file a new petition explaining when those claims arose, and what they are.

Accordingly, the court **DENIES** the petition **WITHOUT PREJUDICE**. The court **ORDERS** that the case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 27th day of December, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge